**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| PFIZER INC., WYETH LLC, PFIZER PHARMACEUTICALS LLC, PF PRISM C.V., and PFIZER MANUFACTURING HOLDINGS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN INC., MYLAN LABORATORIES LIMITED and MYLAN PHARMACEUTICALS INC.,<br><br>Defendants. | Miscellaneous Action No. _____<br><br>**DECLARATION OF ROBERT L. FLORENCE IN SUPPORT OF NON-PARTY UNIMARK REMEDIES LTD.'S MOTION AND MEMORANDUM TO QUASH SUBPOENAS**<br><br>**CONFIDENTIAL**<br><br>Original case pending in the U.S. District Court for the District of Delaware, C.A. No. 15-26 (SLR) |

I, Robert L. Florence, declare as follows:

I am a partner at the law firm of Parker Poe Adams & Bernstein LLP, 3355 Lenox Road, Suite 750, Atlanta, Georgia 30326, which represents non-party Unimark Remedies Limited ("Unimark") in the above-captioned matter. I make this declaration based on my personal knowledge and in connection with Non-Party Unimark Remedies Ltd.'s Motion and Memorandum to Quash Subpoenas.

1. Attached hereto as Exhibit A is a true and complete copy of the Redacted – Public Version of the Notice of Subpoenas filed in the above-styled case, having Civil Action No. 15-26 (SLR) currently pending in the U.S. District Court for the District of Delaware (the "Pending

Litigation"). Included therewith as Exhibit 1 to Exhibit A is a Subpoena to Testify at a Deposition in a Civil Action directed to Unimark Remedies Limited Corporation and included therewith as Exhibit 2 to Exhibit A is a Subpoena to Testify at a Deposition in a Civil Action directed to Unimark Remedies Limited (collectively, the "Deposition Subpoenas").

2. The Deposition Subpoenas, which are the subject of Unimark's Motion to Quash, command Unimark to appear for a deposition in Tampa at 2801 N. Florida Avenue, Tampa, Florida 33602 on April 15, 2016 at 9:00 a.m., and, in the case of Unimark Remedies Limited, to bring certain documents to the deposition.

3. Unimark is an Indian company having a principal place of business in Mumbai, India. As indicated on Unimark's website, and on Unimark's foreign business registration filed with the Office of the Florida Secretary of State, Unimark's corporate office and principal place of business is located at Enterprise Center, 1st Floor, Orchid Lane, Nehru Road, Vile Parle (East), Mumbai, India – 400099.

4. A true and complete copy of Unimark's address from Unimark's website is attached hereto as Exhibit B, and a true and complete copy of Unimark's foreign business registration for the state of Florida is attached hereto as Exhibit C. Unimark does not have any offices or employees in Florida.

5. Unimark has objected to the Deposition Subpoenas as invalid and timely served its objections on Plaintiffs in the Pending Litigation. A redacted copy of Unimark's served objections is attached hereto as Exhibit D.

6. Prior to filing its Motion to Quash, Counsel for Unimark met and conferred with counsel for Plaintiffs on April 8, 2016, regarding the invalidity of the Deposition Subpoenas and counsel for Unimark informed Plaintiffs' counsel that Unimark would be opposing the

deposition subpoenas. Counsel for Plaintiffs disagreed that the subpoenas were invalid and confirmed Plaintiffs' belief that the subpoenas had been properly served on Unimark.

7. Prior to serving the invalid Deposition Subpoenas, Plaintiffs sought discovery from Unimark in the Pending Litigation via the Letters Rogatory process of the Hague Convention and filed a Motion for Letters Rogatory. Attached hereto as Exhibit E is a true and complete copy of the redacted-public version of Plaintiffs' motion.

8. The U.S. District Court for the District of Delaware granted a modified version of Plaintiffs' motion. Attached hereto as Exhibit F is a copy of the Letter of Request for International Judicial Assistance, issued on March 21, 2016, by U.S. District Court for the District of Delaware. (D.I. #76). The deposition topics and documents sought under the Deposition Subpoenas are entirely duplicative of those contained in the Letter of Request.

9. The Deposition Subpoenas that are the subject of Unimark's Motion to Quash are not the first time that Plaintiffs have improperly sought discovery from Unimark via a subpoena. In December 2015, Plaintiffs sought document discovery from Unimark via a Subpoena to Produce Documents (the "December Document Subpoena"). Attached hereto as Exhibit G is a true and complete copy of the redacted public version of the December Document Subpoena filed in the Pending Litigation.

10. Unimark objected to the December Document Subpoena as invalid, including *inter alia*, that the subpoena was invalid for violating the geographic limitations of Rule 45 (c) of the Federal Rules of Civil Procedure. Attached hereto as Exhibit H is a true and complete copy of a redacted version of Unimark's Objections to the December Document Subpoena.

11. In order to reduce the burden on Unimark that would be incurred by the discovery sought by Plaintiffs via Plaintiffs' Motion for Letters Rogatory, Unimark agreed to provide a

subset of the document discovery sought via the invalid December Document Subpoena. Accordingly, Unimark voluntarily produced certain documents subject to, and without waiving, its objections to the December Document Subpoena. Attached hereto as Exhibit I is a true and complete copy of a letter dated February 26, 2016 to counsel for Plaintiffs regarding Unimark's voluntary cooperation. Many of the deposition documents sought under the Deposition Subpoenas are largely duplicative of those already voluntarily provided by Unimark to Plaintiffs, such as the Drug Master File or DMF, batch records, testing and storage documents.

12. Unimark has also represented to Plaintiffs that Unimark may be willing to appear voluntarily for a deposition in India in exchange for Plaintiffs' narrowing the discovery sought pursuant to the Hague Convention. Plaintiffs counsel has represented to Unimark's counsel that Plaintiffs served the Deposition Subpoenas because Unimark has not agreed to voluntarily appear for a deposition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 14, 2016

/s/ Robert L. Florence
Robert L. Florence