IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PFIZER INC., WYETH LLC, PFIZER PHARMACEUTICALS LLC, PF PRISM C.V., and PFIZER MANUFACTURING HOLDINGS LLC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>MYLAN INC., MYLAN LABORATORIES LIMITED and MYLAN PHARMACEUTICALS INC.,<br><br>　　　　　　Defendants. | Misc. Case No. <u>8:16-mc-00047</u><br><br>Original case pending in the U.S. District Court for the District of Delaware, C.A. No. <u>15-26 (SLR)</u> |

**NON-PARTY UNIMARK REMEDIES LTD.'S AMENDED MOTION
AND MEMORANDUM TO QUASH SUBPOENAS**

(As to Certificate of Service Only)

Table of Contents

I. BACKGROUND AND RELEVANT FACTS ..................................................................1

II. ARGUMENT........................................................................................................................3

    A. The Subpoenas Must be Quashed for Violating the Geographical Limitations of Rule 45 ..............................................................................................3

    B. The Subpoenas Must be Quashed Because They are Unduly Burdensome ............5

    C. The Subpoenas are Invalid for Improper Service ......................................................8

    D. Unimark is Entitled to its Fees and Costs ..................................................................8

III. CONCLUSION..................................................................................................................10

Table of Authorities

# CASES

*Allender v. Raytheon Aircraft Co.*,
    220 F.R.D. 661, 667 (D. Kan. 2004) .................................................................................. 9

*Bastin v. Fed. Nat'l Mortgage Ass'n*,
    104 F.3d 1392, 1396 (D.C. Cir. 1997) .............................................................................. 7

*CareTaLive v. Van Eschenbach*,
    No. 2:07 -cv-729, 2008 WL 552431, *3 (S.D. Ohio Feb. 26, 2008) ............................. 8, 9

*Concord Boat Corp. v. Brunswick Corp.*,
    169 F.R.D. 44, 50 (S.D.N.Y. 1996) .................................................................................. 7

*Estate of Klieman v. Palestinian Authority*,
    293 F.R.D. 235, 239 (D. D.C. Sept. 19, 2013) ................................................................. 4

*Ethypharm S.A. France v. Abbott Labs.*,
    748 F. Supp. 2d 354, 361 (D. Del. 2010) ......................................................................... 7

*GMA Accessories, Inc. v. Elect. Wonderland, Inc.*,
    No. 07-CV-3219-PKC-DF, 2012 WL 1933558, at *4 (S.D.N.Y. May 22, 2012) ............. 3

*In re ANC Rental Corporation*,
    Miscellaneous Action No. 02-148, 2002 WL 34729302, *2-3 (E.D. Pa. Jun. 20,
    2002) ................................................................................................................................. 5

*Martinelli v. Petland, Inc.*,
    Nos. 10-407-RDR and 09-529-PHX-DGC, 2010 WL 3947526, *8 (D. Kansas
    Oct. 7, 2010) ..................................................................................................................... 8

*Night Hawk Ltd. v. Briarpatch Ltd., LP*,
    No. 03-cv-1382-RWS, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) ................. 7

*Novartis Pharms. Corp. v. Eon Labs Mfg.*,
    206 F.R.D. 392, 394 (D. Del. 2002) ............................................................................. 7, 8

*Price Waterhouse LLP v. First American Corp.*,
    182 F.R.D. 56, 61 (S.D.N.Y. Aug. 12, 1998) ............................................................ 3, 4, 5

*Salvatore Studios Int'l v. Mako's Inc.*,
    No. 01-cv-4430-BSJ-DF, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001 ................... 7

*Sandifer v. Hoyt Archery, Inc.*,
    No. 12-322-SDD-RLB, 2014 WL 3540812, at *4 (M.D. La. Jul. 17, 2014) .................... 4

## MOTION[1]

Non-party Unimark Remedies Limited ("Unimark"), having a principal place of business in Mumbai, India, respectfully moves the Court for an Order quashing the invalid subpoenas referenced herein. Rule 45 of the Federal Rules of Civil Procedure requires any motion to quash to be brought in the district where compliance is required (*see* Fed.R.Civ.P. 45(d)(3)(A)), and the subject deposition subpoenas command Unimark to appear for a deposition in Tampa at 2801 N. Florida Avenue, Tampa, Florida 33602 on April 15, 2016 at 9:00 a.m., and, in the case of Unimark Remedies Limited, to bring certain documents to the deposition. Therefore, this Motion to Quash is being filed in this Court. As detailed herein, the subpoenas are invalid for failure to comply with the geographic limitations of Rule 45(c), for being unduly burdensome, and for improper service. The parties have met and conferred regarding the subpoenas, but were unable to reach a resolution, necessitating the filing of the motion.

### I. BACKGROUND AND RELEVANT FACTS

This discovery dispute relates to the case captioned *Pfizer Inc., Wyeth LLC, Pfizer Pharmaceuticals LLC, PF Prism C.V., and Pfizer Manufacturing Holdings LLC v. Mylan Inc., Mylan Laboratories Limited and Mylan Pharmaceuticals Inc.*, Civil Action No. 15-26 (SLR), currently pending in the U.S. District Court for the District of Delaware (the "Pending Litigation"). The claims at issue in the Pending Litigation involve allegations of patent infringement related to Mylan's filing of an abbreviated new drug application ("ANDA") with the U.S. Food and Drug Administration for a generic version of Tygacil®. Non-party Unimark Remedies Limited is listed as ███████████████████████████████████
███████████████████████████████████.

---

[1] All redacted portions of this Motion will be filed under seal.

1

Plaintiffs have previously sought discovery from Unimark in the Pending Litigation via the Hague Convention and the U.S. District Court for the District of Delaware has issued Letter of Request for International Judicial Assistance on March 21, 2016. *See* Declaration of Robert L. Florence ¶¶ 7-8 ("Florence Dec."). The letter request is not the first time that Plaintiffs have sought discovery from Unimark, however, as Plaintiffs previously served an invalid subpoena in December, 2015 (the "December Document Subpoena") seeking documents from Unimark. Florence Decl. ¶ 9. Unimark served its objections to the December Document Subpoena on January 13, 2016, and filed the associated notice of service on January 14, 2016 (D.I. 51). Florence Decl. ¶ 10. As detailed in Unimark's objections to the December Document Subpoena, Unimark objected that the December Document Subpoena violated the geographic limitations of Rule 45 of the Federal Rules of Civil Procedure and also that many of the document requests were overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, particularly in light of the fact that Unimark was not a party to the Pending Litigation. *Id.*

Nevertheless, subject to its objections and without waiving the same, Unimark agreed to voluntarily provide a limited subset of documents in response to the December Document Subpoena. Florence Decl. ¶¶ 10-11. In the spirit of cooperation, Unimark was also in the process of determining whether to voluntarily appear for a deposition rather than waiting for the Letter of Request for International Judicial Assistance to run its course with the appropriate Indian authorities in exchange for Plaintiffs' possible agreement to narrow the discovery sought pursuant to the Hague Convention. Florence Decl. ¶ 12. Despite Unimark's history of voluntary cooperation, and with full knowledge that Unimark is a foreign Indian corporation, Plaintiffs served two invalid deposition subpoenas (the "Deposition Subpoenas") directing Unimark to

appear for a deposition in Tampa, Florida in clear violation of the geographic limitations of Rule 45(c). Florence Decl. ¶ 12.

## II. ARGUMENT

Unimark has standing to challenge the subpoenas because Unimark Remedies Limited is the non-party corporate entity to whom the subpoenas are directed. *See GMA Accessories, Inc. v. Elect. Wonderland, Inc.*, No. 07-CV-3219-PKC-DF, 2012 WL 1933558, at *4 (S.D.N.Y. May 22, 2012). As a non-party, before discovery may be had, a subpoena must be properly issued in accordance with Rule 45 of the Federal Rules of Civil Procedure. *See Price Waterhouse LLP v. First American Corp.*, 182 F.R.D. 56, 61 (S.D.N.Y. Aug. 12, 1998). The subject subpoenas fall well short.

### A. The Subpoenas Must be Quashed for Violating the Geographical Limitations of Rule 45

The subpoenas are invalid on their face because they violate the geographical limits specified by Rule 45 of the Federal Rules of Civil Procedure. In particular, the subpoenas require compliance in Tampa, Florida, which is well beyond the 100 mile geographic limit imposed by Rule 45 (c), which states in relevant part:

> (1) *For a Trial, Hearing, or Deposition*. A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) *within 100 miles of where the person resides, is employed, or regularly transacts business in person*; or (B) within the state where the person resides, is employed, or regularly transacts business in person, ... (2) *For Other Discovery*. A subpoena may command: (A) production of documents, electronically stored information, or tangible things *at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person* ... .

Fed. R. Civ. P. 45(c)(emphasis added). Thus, under Rule 45, a subpoena may only command the appearance for a deposition and/or the production of documents "within 100 miles of where the person resides, is employed, or regularly transacts business in person."

3

As an Indian company residing in India, Unimark does not meet the required criteria under the Rule. For example, Unimark's corporate office, and principal place of business, is located at Enterprise Center,1st Floor, Orchid Lane, Nehru Road, Vile Parle (East), Mumbai, India – 400099. Florence Decl. ¶¶ 3-4. Moreover, Unimark does not have any offices in Florida or any employees in Florida. Florence Decl. ¶ 4. As such, Unimark does not "reside" in Florida and is not "employed" in Florida as required by Rule 45. Nor does Unimark "regularly transact business in person" in Florida by virtue of registering as a foreign corporation and naming a registered agent. Indeed, courts have expressly interpreted the phrase "regularly transacts business in person" as used in Rule 45 as requiring the entity itself to regularly transact business within the geographic limit rather than through an agent as Unimark has done here. *See Price Waterhouse LLP v. First American Corp.*, 182 F.R.D. 56, 62 (S.D.N.Y. Aug. 12, 1998).

Rule 45 provides that "on timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) *requires a person to comply beyond the geographical limits specified in Rule 45(c)*; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) *subjects a person to undue burden.*" Fed. R. Civ. P. 45(d)(3) (emphasis added). Compliance with the subpoena would require a designated witness of Unimark to travel from Mumbai, India, to Tampa, Florida – a distance of over 14,000 km or 6,700 miles – and well outside the geographic limitations of Rule 45(c). Therefore, the subpoenas must be quashed. *See Sandifer v. Hoyt Archery, Inc.*, No. 12-322-SDD-RLB, 2014 WL 3540812, at *4 (M.D. La. Jul. 17, 2014) (denying motion to compel because, *inter alia*, "[a] subpoena requiring a nonparty to produce documents at a place more than 100 miles away is invalid"); *Estate of Klieman v. Palestinian Authority*, 293 F.R.D. 235, 239 (D. D.C. Sept. 19, 2013) (holding that "under Rule 45 this Court

must quash a subpoena where a nonparty organization does not employ anyone who is suitable to serve as a Rule 30(b)(6) representative within 100 miles of the district" and "[a] contrary rule would render Rule 45(c)'s protections meaningless in the context of Rule 30(b)(6) witnesses"); *Price Waterhouse*, 182 F.R.D. at 63 (S.D.N.Y. Aug. 12, 1998) (requiring the entity itself to regularly transact business within the geographic limit rather than through an agent and quashing subpoena where the knowledgeable employees of the subpoenaed party did not "reside," were not "employed," and did not "regularly transact [ ] business in person" in the court's jurisdiction). Accordingly, the Court must quash the subpoenas because they "require [Unimark] to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)

    **B.    The Subpoenas Must be Quashed Because They are Unduly Burdensome**

Due to the invalid nature of the subpoenas, they are also unduly burdensome. *See, e.g., In re ANC Rental Corporation*, Miscellaneous Action No. 02-148, 2002 WL 34729302, *2-3 (E.D. Pa. Jun. 20, 2002) (quashing subpoena that required corporate designee to travel over 1,200 miles to transport and produce a large number of documents and holding that such violation of Rule 45 was "unduly burdensome"). The burden, however, does not end there. The subpoena topics and requests are entirely duplicative of, indeed identical to, the topics and requests contained within the Letter of Request for International Judicial Assistance issued on March 21, 2016 by U.S. District Court for the District of Delaware. (D.I. #76). Florence Decl. ¶ 8. The improper subpoenas are therefore nothing more than an attempt at circumventing the Hague Convention and the protections afforded a foreign non-party witness.

The requests are also duplicative of document discovery already voluntarily provided by Unimark. For example, to the extent such documents exist and were in Unimark's possession, custody, and control, Unimark previously provided the following documents to Plaintiffs:

- a complete copy of the Drug Master File referenced in ████████ (covered by Document Request No. 1 of the subpoenas);

- manufacturing batch records related to the tigecycline manufactured by Unimark for use in connection with ████████ (covered by Document Request No. 2 of the subpoenas);

- testing protocols and testing results for tests conducted on that tigecycline and/or any intermediate products utilized in the synthesis of the same (covered by Document Request Nos. 4 and 5 of the subpoenas); and

- any documents regarding the stability and storage of that tigecycline (covered by Document Request Nos. 4 and 5 of the subpoenas).

Yet, the invalid subpoenas request the same documents that were already voluntarily provided to Unimark. Florence Decl. ¶ 11.

Moreover, the invalid subpoenas also unduly burdensome as they improperly seek documents and witness testimony related to irrelevant and overly broad topics. For example, the invalid subpoenas seek documents and witness testimony related to an ████████ ████████ ████████ ████████ (see Document Request Nos. 9 and 10 and Topics 11 and 12). As stated to Plaintiffs in a letter, dated February 26, 2016, from Unimark's counsel (and as acknowledged in Deposition Subpoena Topic 11), ████████ ████████ ████████ ████████ ████████ ████████

6

██████████████████████████████████████████████████████

████████████████████████████████████.

Plaintiffs have alleged no allegations that such requests and topics are relevant to any issue in this litigation; therefore, such requests can only be calculated to harass and embarrass Unimark. Plaintiffs' mere speculation that such documents <u>could</u> be relevant does not satisfy their burden. *Ethypharm S.A. France v. Abbott Labs.*, 748 F. Supp. 2d 354, 361 (D. Del. 2010). *See also Bastin v. Fed. Nat'l Mortgage Ass'n*, 104 F.3d 1392, 1396 (D.C. Cir. 1997) (denial of discovery is not abuse of discretion where a plaintiff is "unable to offer anything but rank speculation to support" a claim and if discovery "would amount to nothing more than a fishing expedition."). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd., LP*, No. 03-cv-1382-RWS, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) (citing *Salvatore Studios Int'l v. Mako's Inc.*, No. 01-cv-4430-BSJ-DF, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001) ("Rule 26(b)(1) of the Federal Rules of Civil Procedure restricts discovery to matters relevant to the claims and defenses of the parties"); *see also Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) ("[t]o the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable").

Finally, the subpoenas are unduly burdensome because they seek documents and testimony related to any tigecycline API provided to any third-party, rather than narrowly tailoring the subpoenas ████████████████████████████████████. For example, Topic No. 2 seeks "████████ knowledge of or involvement with … [any] generic version of Tygacil®", *i.e.*, any generic product containing tigecycline. Similarly, Topic No. 5 is

overly broadly directed to "[t]esting by ▄▄▄▄ of tigecycline or any product containing tigecycline." Such a broader category of documents and information is simply irrelevant to the Pending Litigation. *See Novartis Pharms. Corp. v. Eon Labs Mfg.*, 206 F.R.D. 392, 394 (D. Del. 2002) (declining to compel discovery of documents and testimony pertaining to products that were not the subject of the ANDA giving rise to the litigation). Accordingly, the Court must quash the subpoenas because they "subject [Unimark] to undue burden." Fed. R. Civ. P. 45(d)(3).

### C. The Subpoenas are Invalid for Improper Service

Federal Rule of Civil Procedure 45(b)(1) mandates that a subpoena requiring a person's attendance at deposition must be served with the fees for one day's attendance and the mileage allowed by law. Fed. R. Civ. P. 45(b)(1). Not surprisingly, and likely due to the fact that Unimark would be required to travel over 6,700 miles in order to comply with the subpoenas, the subpoenas were not served with the proper and required mileage fee. As such, the subpoenas are invalid for improper service and must be quashed. *See Martinelli v. Petland, Inc.*, Nos. 10-407-RDR and 09-529-PHX-DGC, 2010 WL 3947526, *8 (D. Kansas Oct. 7, 2010) (granting motion to quash and holding that "[f]ailure to tender witness fees and reasonably estimated mileage fees at the time of service of the subpoena renders the subpoena unenforceable"). Accordingly, the Court must quash the subpoenas because they were improperly served in violation of Rule 45(b)(1).

### D. Unimark is Entitled to its Fees and Costs

Because the subpoenas are improper and violate Rule 45(c)(1)(A) and Rule 45(c)(2)(A), and because Plaintiffs served the invalid subpoenas will full knowledge of Unimark's status as a foreign entity beyond the reach of the geographic limits of Rule 45(c), Unimark is entitled to sanctions in the amount of its attorney's fees and costs in bringing the instant motion.

Rule 45(d)(1) requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Indeed, "[w]hen a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of [] Rule 45[(d)(1)]." *CareTaLive v. Van Eschenbach*, No. 2:07-cv-729, 2008 WL 552431, *3 (S.D. Ohio Feb. 26, 2008). Accordingly, Rule 45(d)(1) provides that "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction-which may include lost earnings and reasonable attorney's fees-on a party or attorney who fails to comply."

Further, Rule 26(g)(1) requires that every discovery request be signed by at least one attorney, thereby certifying "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry ... [the discovery request is] consistent with these rules and warranted by existing law . . . [and] not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Rule 26(g)(3) provides that "[i]f a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Furthermore, "[t]he sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." *Id.*; *see also Allender v. Raytheon Aircraft Co.*, 220 F.R.D. 661, 667 (D. Kan. 2004) (awarding sanctions to plaintiff and against defendant's counsel for "discovery misconduct" in violating Rule 45(b)(1)).

Knowing full well that Unimark was a foreign, non-party business entity located in Mumbai, India, counsel for Plaintiffs signed the improper subpoenas and then improperly served the subpoenas on Unimark, thereby purportedly certifying that counsel for Plaintiffs had made a reasonable inquiry and concluded that the subpoenas were consistent with the Rules, warranted

by existing law, and not interposed for any improper purpose. However, the subpoenas clearly violate Rule 45(c)(1)(A) and Rule 45(c)(2)(A) as set forth above. In addition, despite being explicitly on notice that discovery from Unimark may only be had via the Hague Convention, Plaintiffs then improperly served the invalid subpoenas, necessitating this Motion to Quash. Therefore, because the subpoenas are invalid and were served in violation of Rules 45(c)(1)(A), 45(c)(2)(A), and 26(g)(1), Unimark is entitled to sanctions against Plaintiffs pursuant to Rule 45(d)(1) and Rule 26(g)(3) in the amount of the costs and fees necessary in bringing the instant motion.

### III. CONCLUSION

For all the foregoing reasons, Unimark respectfully requests that the Court grant its Motion to Quash the invalid subpoenas and award Unimark its costs and fees necessary in bringing the instant motion.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), Middle District of Florida, the undersigned counsel has met and conferred with counsel for Plaintiff but were unable to reach a resolution regarding the subpoenas necessitating the filing of Unimark's motion.

Dated: April 20, 2016

Respectfully submitted,

/s/ Stefan V. Stein
Stefan V. Stein
Florida Bar No. 300527
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
Tel: 813/273-5000
Fax: 813/273-5145
stefan.stein@gray-robinson.com

Attorney for Non-Party Unimark Remedies Limited

and

        Robert L. Florence
        PARKER POE ADAMS & BERNSTEIN LLP
        3355 Lenox Road, Suite 750
        Atlanta, GA 30326
        Tel: 678/690-5701
        Fax: 404/869-6972
        robertflorence@parkerpoe.com

        Attorney for Non-Party Unimark Remedies Limited
        in Delaware Action

## CERTIFICATE OF SERVICE

    I hereby certify that on April 20, 2016, a true and correct copy of the foregoing was served on counsel for Plaintiffs as indicated below, addressed to:

        Jack B. Blumenfeld (#1014)
        Maryellen Noreika (#3208)
        1201 North Market Street
        P.O. Box 1347
        Wilmington, DE 19899-1347
        (302) 658-9200
        jblumenfeld@mnat.com
        mnoreika@mnat.com

        Of Counsel:

        Thomas H. L. Selby
        David I. Berl
        Stanley E. Fisher
        Adam D. Harber
        Sara K. Creighton
        Galina I. Fomenkova
        Martha C. Kidd
        Barrett J. Anderson
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, DC 20005
        (202) 434-5000
        tselby@wc.com
        dberl@wc.com
        sfisher@wc.com
        aharber@wc.com
        screighton@wc.com
        gfomenkova@wc.com

mkidd@wc.com
banderson@wc.com

Attorneys for Plaintiffs Pfizer Inc., Wyeth LLC,
Pfizer Pharmaceuticals LLC, PF Prism C.V.,
and Pfizer Manufacturing Holdings LLC


/s/ Stefan V. Stein
Attorney