UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PFIZER, INC., WYETH LLC, PFIZER
PHARMACEUTICALS LLC, PF PRISM
C.V. and PFIZER MANUFACTURING
HOLDINGS LLC,

    Plaintiffs,

v.                                                        Case No: 8:16-mc-47-T-17JSS

MYLAN INC., MYLAN LABORATORIES
LIMITED and MYLAN
PHARMACEUTICALS INC.,

    Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION TO TRANSFER

THIS MATTER is before the Court on Plaintiffs' Motion to Transfer. (S-26.) Plaintiffs seek to transfer Non-Party Unimark's Amended Motion to Quash Subpoenas to the District of Delaware. The Court held a telephonic hearing on the Motion to Transfer on May 26, 2016. For the reasons stated below, Plaintiffs' Motion to Transfer is granted.

### BACKGROUND

This miscellaneous case was initiated in the Middle District of Florida based on the issuance of subpoenas in connection with a patent infringement case filed in the U.S. District Court for the District of Delaware, *Pfizer Inc. v. Mylan Inc.*, No. 1:15-cv-00026-SLR-SRF (D. Del. Jan. 8, 2015). As part of the underlying patent action, Plaintiffs served two subpoenas on non-party Unimark Remedies Limited ("Unimark"). (Dkt. 1-1.) The subpoenas were issued by the U.S. District Court for the District of Delaware and commanded Unimark's corporative representative to appear for a deposition in Tampa, Florida. (Dkt. 1-1.) Upon receiving the subpoenas, Unimark filed a Motion to Quash Subpoenas in the Middle District of Florida, which initiated this

miscellaneous action.[1]  (Dkt. 5.)  Plaintiffs then filed a Motion to Transfer, seeking to transfer the Amended Motion to Quash to the District of Delaware.

In its Unopposed Motion for Leave to File Reply to Plaintiffs' Opposition to Amended Motion to Quash, Unimark indicated that it does not oppose Plaintiffs' Motion to Transfer, stating that "Plaintiffs have agreed not to oppose Unimark's current motion for leave to reply in exchange for Unimark agreeing not to oppose Plaintiffs' Motion to Transfer."  (Dkt. 19 at 2.)  The Court held a telephonic hearing on the Motion to Transfer on May 26, 2016, during which Unimark confirmed its consent to the Motion to Transfer.

**APPLICABLE STANDARDS**

Under Federal Rule of Civil Procedure 45, a subpoena must issue from the court where the action is pending.  Fed. R. Civ. P. 45(a)(2).  However, challenges to a subpoena, including motions to quash or modify a subpoena, are to be heard by the district court where compliance with the subpoena is required.  Fed. R. Civ. P. 45(d)(3).  Additionally, if the court where compliance is required did not issue the subpoena, then the court may transfer a subpoena-related motion to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.  Fed. R. Civ. P. 45(f).  According to the Advisory Committee, transfer may be warranted "to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."  Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

---

[1] Unimark's Motion to Quash Subpoenas (Dkt. 2) was terminated as moot in light of the filing of an Amended Motion to Quash Subpoenas (Dkt. 5).  (Dkt. 8.)

## ANALYSIS

In this case, the subpoenas that are the subject of this action were issued by the District of Delaware and require compliance in the Middle District of Florida. As such, the District of Delaware is the issuing court, and this Court is the compliance court for purposes of Rule 45. As the compliance court, this Court may transfer the subpoena-related motion, Unimark's Amended Motion to Quash Subpoenas, to the District of Delaware upon the consent of the person subject to the subpoena—Unimark. Fed. R. Civ. P. 45(f). As Unimark does not oppose Plaintiffs' Motion to Transfer, transfer is appropriate under Federal Rule of Civil Procedure 45(f). Further, upon review of the pleadings in this case and the relevant filings in the underlying Delaware action, the Court finds that transfer is warranted "to avoid disrupting the issuing court's management of the underlying litigation." *See* Fed. R. Civ. P. 45(f). Accordingly, it is

**ORDERED:**

1. Plaintiffs' Motion to Transfer (S-26) is **GRANTED**.
2. The Clerk is directed to transfer Unimark's Amended Motion to Quash (Dkt. 5) to the District of Delaware and close this case.

**DONE** and **ORDERED** in Tampa, Florida, on May 26, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties